**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3485
_____

In re:  CHRISTOPHER RAD,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 3:11-cr-00161-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 14, 2017
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 6, 2018)
_____

OPINION*
_____

PER CURIAM

     Christopher Rad is serving a sentence of 71 months in federal prison pursuant to

convictions for, inter alia, violations of the Controlling the Assault of Non-Solicited

Pornography and Marketing Act of 2003. <u>See</u> <u>United States v. Rad</u>, 559 Fed. App'x 148

(3d Cir. 2014). By order entered October 25, 2017, the District Court denied or dismissed

various post-verdict motions filed by Rad, who then appealed the District Court's

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

October 25, 2017 order to this Court. <u>See</u> CA No. 17-3418. That appeal is currently pending.

Rad has now filed a pro se petition for a writ of mandamus, seeking the very relief he sought in some of the motions that are the subject of his pending appeal. For that reason alone, the instant mandamus petition is inappropriate and will be denied. <u>See</u> <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 190 (2010) (per curiam) (explaining that a mandamus petitioner must show, inter alia, that "no other adequate means [exist] to attain the relief he desires"); <u>Westinghouse Elec. Corp. v. Republic of Philippines</u>, 951 F.2d 1414, 1422 (3d Cir. 1991) ("Another prerequisite for mandamus jurisdiction emanates from the final judgment rule: mandamus must not be used as a mere substitute for appeal.").